IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>) |
| v. | ) **COMPLAINT**<br>) **AND JURY DEMAND** |
| DETROIT COMMUNITY HEALTH CONNECTION, | )<br>)<br>) |
| Defendant. | )<br>) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Gloria Bowens who was adversely affected by such practices. As alleged with greater particularity in paragraph 8 below, Defendant Detroit Community Health Connection failed to provide a reasonable accommodation to Bowens and discharged her because of her disability.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title

1

VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and 3.

4.   At all relevant times, Defendant, Detroit Community Health Connection (the "Employer"), has continuously been a Michigan corporation doing business in the State of Michigan and the City of Detroit and has continuously had at least 15 employees.

5.   At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.   At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.   More than thirty days prior to the institution of this lawsuit, Bowens filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.   Since approximately March 2012, Defendant Employer has engaged in unlawful employment practices at its Detroit, Michigan facility, in violation of Section 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A) as follows:

- a. Bowens, a qualified individual with a disability, had been employed by Defendant as a Medical Biller since December 2008 and could perform the essential functions of her job with or without accommodation;
- b. Bowens's disability, rheumatoid arthritis, substantially limits her musculoskeletal functions, a major life activity;
- c. Bowens sought a reasonable accommodation of a finite two-week leave of absence because of her disability;
- d. Defendant Employer denied Bowens a reasonable accommodation for her disability; and
- e. Defendant Employer discharged Bowens because of her disability.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Bowens of equal employment opportunities and otherwise adversely affect her status as employee because of her disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 8 above were done with malice or with reckless indifference to the federally protected rights of Bowens.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any unlawful practice which fails to accommodate disability, terminates an individual's employment on the basis of disability or otherwise discriminates on the basis of disability;

B. ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. ORDER Defendant Employer to make Bowens whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at

trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay for Bowens;

    D.  ORDER Defendant Employer to make Bowens whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including medical and job search expenses, in amounts to be determined at trial;

    E.  ORDER Defendant Employer to make Bowens whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

    F.  ORDER Defendant Employer to pay Bowens punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial;

    G.  GRANT such further relief as the Court deems necessary and proper in the public interest; and

    H.  AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                        EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | s/ Laurie A. Young<br>LAURIE A. YOUNG<br>Regional Attorney |
| Dated: June 26, 2013 | s/ Miles Shultz<br>MILES SHULTZ (P73555)<br>Trial Attorney |
|  | EQUAL EMPLOYMENT<br>  OPPORTUNITY COMMISSION<br>DETROIT FIELD OFFICE<br>Patrick V. McNamara<br>477 Michigan Avenue, Room 865<br>Detroit, Michigan 48226<br>Miles.Shultz@EEOC.GOV<br>Tel. No. (313) 226-6217<br>Fax No. (313) 226-6584 |